UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

MarketVision Consulting Group, LLC,　　　　　　　　　　Civil File No. _____

　　　　　Plaintiff,

v.

Natural Health Trends Corp. and
Market Vision Communications Corp.,

　　　　　Defendants.

---

## COMPLAINT AND JURY DEMAND

---

Plaintiff MarketVision Consulting Group, LLC, for its Complaint against Defendants Natural Health Trends Corp. and Market Vision Communications Corp. states and alleges as follows:

### INTRODUCTION

1.　This is an action for breach of contact seeking specific performance and damages arising out of the Defendants' breach of their obligations under a Software License Agreement and subsequent "Going-Forward" Agreement.

### PARTIES

2.　Plaintiff MarketVision Consulting Group, LLC ("MVCG") is a limited liability corporation organized under the laws of the State of Delaware. MVCG is comprised of two members, both of whom are individuals residing in the State of Minnesota.

3. Defendant National Health Trends Corp. ("NHTC") is a Delaware corporation with its principal place of business at 2050 Diplomat Drive, Dallas, Texas.

4. Defendant Market Vision Communications Corp. ("MVCC") is a Delaware corporation and a subsidiary of NHTC with its principal place of business at 2050 Diplomat Drive, Dallas, Texas.

## JURISDICTION AND VENUE

5. The Court has jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 exclusive of interest and costs and the action is between citizens of different states.

6. Venue is appropriate in this district because a substantial part of the events or omission giving rise to the claim occurred in this district and because the parties' agreement requires that the present litigation be venued exclusively in federal or state courts in Hennepin County, Minnesota

## BACKGROUND

### The Software License Agreement.

7. Plaintiff MVCG and Defendants NHTC and MVCC are parties to a Software License Agreement with an effective date of March 31, 2004. A copy of the Software License Agreement is attached as Exhibit A. The parties entered into the Software License Agreement as part of a merger agreement involving the sale of a business to Defendants NHTC and MVCC.

8. In the Software License Agreement, Plaintiff MVCG was granted "an irrevocable, exclusive, perpetual, royalty-free, fully-paid, worldwide, transferable,

sublicenseable right and license to use, copy, modify, distribute, rent, lease, enhance, transfer, market and create derivative works" for certain software referred to by the parties as the "MarketVision Software."

9. The Software License Agreement also grants Plaintiff rights to "Documentation" which is defined in the agreement to include, among other things, rights to the source code and any pertinent commentary or explanation related to the software, including programmer's manuals and user's manuals.

10. The Software License Agreement contains provisions providing that the license to Plaintiff would be dormant until the occurrence of an "Event of Default," as defined in the Agreement.

11. The parties have agreed and acknowledged that an "Event of Default" occurred on January 1, 2007, and therefore Plaintiff's license rights are no longer dormant.

12. Following the Event of Default, the term of the Software License Agreement extends and continues until the Agreement is terminated in writing by Plaintiff. Plaintiff has not terminated the Software License Agreement in writing, and it remains in full force and effect.

13. Pursuant to Section 5 of the Software License Agreement, Defendants and their affiliates are required to provide Plaintiff with, among other things, "(i) the Software Documentation . . .; (ii) corrections of substantial defects in the Software; and (iii) periodic updates of the Software that may incorporate (a) corrections of any Software defects, (b) fixes of any Software bugs, and (c) any enhancements to the Software"

(hereafter the "software updates") which are "created, designed, or implemented" by Defendants and/or their employees, contractors and agents.

**The Going-Forward Agreement.**

14. On or about December 1, 2008, Defendants NHTC and MVCC and Plaintiff MVCG and its owners entered into an agreement entitled the "Going-Forward Agreement." A copy of the Going-Forward Agreement is attached as Exhibit B.

15. Section 2.3 of the Going-Forward Agreement reaffirms and incorporates the obligation under the Software License Agreement for Defendants to provide software updates to Plaintiff MVCG. Section 2.3 of the Going-Forward Agreement provides that the obligation to provide software updates shall be made "once at the beginning of each calendar quarter," and that software updates addressing any security vulnerability be identified and provided to Plaintiff as soon as such updates are available.

16. Section 14 of the Going-Forward Agreement provides that "[i]n any action (at law or in equity) instituted to enforce or interpret the terms of this Agreement, the prevailing party . . . shall be entitled to recover from the non-prevailing party all fees, costs and expenses of the prevailing party incurred with respect to such action, including but not limited to, fees, costs and expenses of attorneys, which shall include, without limitation, all fees, costs and expenses of appeals."

17. Section 14 of the Going-Forward Agreement further provides that any action to enforce or interpret the terms of the Agreement shall be venued exclusively in the state or federal courts of Hennepin County, Minnesota, and provides that "each party

consents to personal jurisdiction in such courts and waives any argument that the venue is not convenient."

18. Section 15 of the Going-Forward Agreement provides that "[e]ach of the parties acknowledges and agrees that it would be difficult to measure any damages caused due to a breach of this Agreement. Accordingly, each of the parties separately agrees that upon a breach, or proposed or threatened breach, of any portion of this Agreement, the other party shall be entitled, in addition to all other remedies, to equitable relief."

**Defendants' Breach of the Going-Forward Agreement.**

19. Since the inception of the Going-Forward Agreement, Defendants have failed to provide the required software updates to Plaintiff MVCG.

20. On July 6, 2009, Plaintiff sent a letter to in-house counsel for NHTC requesting all software updates, including a copy of the entire object code. In that letter, Plaintiff requested quarterly software updates in the future on an ongoing basis.

21. On information and belief, Defendants have created software updates, including updates to make the software more useable in foreign countries such as China.

22. Plaintiff reiterated its request for software updates in correspondence and emails to Defendants dated July 7, 2009; July 20, 2009; July 21, 2009; August 6, 2009; and August 20, 2009.

23. Despite repeated requests and receipt of an e-mail communication on July 14, 2009 from the general counsel of NHTC and MVCC that the software updates would

be provided to Plaintiff that same week, Defendants have failed to provide software updates as required by the Going-Forward Agreement.

24. The failure of Defendants to provide software updates has interfered with Plaintiff's efforts to market the software in foreign countries, including China. Plaintiff recently incurred substantial expenses traveling to China to promote the software only to have its efforts result in harm to its business reputation because of the fact that the software updates had not been received from Defendants.

25. Defendants' failure to provide software updates as required has resulted in monetary losses, lost sales and harm to the reputation of Plaintiff.

26. All allegations of this Complaint are incorporated by reference into each of the following counts.

## COUNT ONE
### Breach of Contract

27. Under the parties' Going-Forward Agreement, Defendants have an obligation to provide software updates to Plaintiff on a quarterly basis.

28. All conditions precedent to Plaintiff enforcing its contractual rights under the Going-Forward Agreement have been satisfied.

29. Despite due demand, Defendants have breached the contract by failing to provide required software updates.

30. As a result of Defendants' breach of the Going-Forward Agreement, Plaintiff has suffered damages, including expenses incurred, lost potential sales, and harm to its business reputation.

31. Plaintiff is entitled to recover its damages, plus all costs, disbursements and reasonable attorneys' fees incurred herein and is entitled to recover prejudgment interest.

## COUNT TWO
### Specific Performance

32. Pursuant to the Going-Forward Agreement, Plaintiff is entitled to receive software updates from Defendants on a quarterly basis.

33. Part of the consideration provided by Plaintiff in the Software License Agreement and Going-Forward Agreement, as well as the merger itself, was in exchange for the right to receive software updates, which is an important and irreplaceable part of the parties' transactions. The right to receive software updates is a unique commodity that cannot be readily obtained elsewhere by Plaintiff. Accordingly, Plaintiff cannot be adequately compensated for its loss of the software updates by money damages alone.

34. Enforcement of the requirement that Defendants provide quarterly software updates will not cause unreasonable or disproportionate hardship or loss to Defendants or to any other parties.

35. Accordingly, Plaintiff is entitled to specific performance of Defendants' obligation under the Going-Forward Agreement to provide quarterly software updates, and is entitled to recover its costs, disbursements and reasonable attorneys' fees incurred herein.

## COUNT THREE
### Injunctive Relief

36. The Defendants' obligation to provide software updates is a continuing obligation, requiring that such updates be provided on a quarterly basis, or earlier, as defined in the Going-Forward Agreement.

37. The right to receive periodic software updates is a unique right, the violation of which may not be adequately compensated by an award of monetary damages.

38. Defendants have demonstrated an unwillingness to provide the required software updates absent an order from the Court.

39. Plaintiff is entitled to prospective injunctive relief compelling Defendants to provide software updates at the beginning of each calendar year quarter.

**WHEREFORE**, Plaintiff demands judgment in its favor as follows:

1. Ordering specific performance of the Going-Forward Agreement including, but not limited to, requiring Defendants to provide software updates to Plaintiff as required by the Agreement;

2. Enjoining Defendants from future violations of their obligations under the Going-Forward Agreement to provide periodic software updates as required by the Agreement;

3. Awarding Plaintiff its damages in an amount exceeding $75,000, together with interest;

4. Awarding Plaintiff its costs, disbursements and reasonable attorneys' fees incurred herein; and

5. Awarding Plaintiff such other and further relief as the Court may deem just and equitable.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: October 21, 2009

s/ Richard D. Snyder
Richard D. Snyder (#191292)
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
Phone: (612) 492-7000
Fax: (612) 492-7077

**ATTORNEYS FOR PLAINTIFF**

4632235v2